# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:20-cv-00227-MR

| | |
|---|---|
| WASCO LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| NORTHROP GRUMMAN SYSTEMS ) | |
| CORPORATION, CNA HOLDINGS ) | |
| LLC, CHEMTRONICS, INC., ) | |
| McGREGOR II, LLC, SAMSONITE ) | |
| LLC, GILDAN USA INC., ) | |
| DYNA-DIGGR LLC, BLUE RIDGE ) | |
| INDUSTRIAL SUPPORT CO. and ) | |
| SMOKY MOUNTAIN PALLET, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the parties' Consent Motion for 60-Day Stay [Doc. 130].

The parties move for an Order staying all proceedings in this action for a period of sixty (60) days. For grounds, the parties argue that the Plaintiff WASCO LLC ("WASCO") and Defendant Northrop Grumman Systems Corporation ("Northrop") have reached "an agreement in principle" that would resolve the entirety of this litigation, and that staying the action while

WASCO and Northrop finalize this settlement agreement will result in all of the parties avoiding unnecessary litigation expenses. [Doc. 130 at 2].

Reviewing the Pretrial Order and Case Management Plan, the Court notes that there are no pretrial deadlines that are set to expire within the next sixty (60) days. [See Doc. 125]. While the parties are presumably engaging in discovery currently, the deadline for the completion of discovery does not expire until January 3, 2023, which should give the parties ample time to complete discovery even in the event that they agree to suspend discovery while the settlement agreement is finalized. For these reasons, the Court will deny the motion.

**IT IS, THEREFORE, ORDERED** that the parties' Consent Motion for 60-Day Stay [Doc. 130] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.** Signed: June 27, 2022

Martin Reidinger
Chief United States District Judge

2